IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUE TORRES-SANTIAGO<br><br>**Plaintiff**<br><br>v.<br><br>LESTER ORTIZ-PAGAN, CARMEN N. ORTIZ-GONZALEZ, AND FRANCÉS-VIVES-SULIVERES<br><br>**Defendants** | **CIVIL NO.** 23-1151 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

On March 29, 2023, Plaintiff Josue Torres-Santiago ("Plaintiff") filed a *pro se* prisoner civil rights *Complaint* under 42 U.S.C. § 1983. (Docket No. 2). Although Plaintiff used a form with both English and Spanish text, the portions completed by Plaintiff that provide the details of his claim are only in Spanish. However, **all filings, pleadings, and proceedings in the United States District court for the District of Puerto Rico must be conducted in the English language.** *See* 48 U.S.C. § 864; L. CV. R. 5(c). On April 4, 2023, Plaintiff received the following notice of defective filing:

> Pleading or document is not in the English language and plaintiff has not moved for permission to file pleading in the Spanish language. L.Civ.R. 5. The Prisoner did not attach a statement certified by the

Civil No. 23-1151 Page 2

> appropriate institutional officer, showing all receipts, expenditures, and balances during the last six months in his/her institutional account. Notice of Compliance Deadline due by 4/25/2023.

(Docket No. 5). **Plaintiff failed to comply with this deadline or correct his defective pleading.**

Throughout these proceedings, the Court has appointed Plaintiff with **three (3)** different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 10, 14, 17).

On October 31, 2023, the Court issued the following order: By November 30, 2023, plaintiff will show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted. (Docket No. 29). **Plaintiff failed to comply.**

District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When a "court appropriately forewarns a plaintiff of the consequences of future

Civil No. 23-1151 Page 3

noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case [.]" Id.

The Court is compelled to dismiss the *Complaint* in light of Plaintiff's failure to (1) file pleadings in the English language as required by 48 U.S.C. § 864, Local Rule 5(c); and (2) comply this Court's orders. Thus, Plaintiff's *Complaint* at Docket No. 2 is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge